

FILED
OCT 15 2019
US DISTRICT COURT
DISTRICT OF DELAWARE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CIVIL ACTION NO: 19-1950

Joseph Zappia and Karen Zappia
    Plaintiffs

vs.

GTX Incorporated
    Defendant

**PLAINTIFFS' COMPLAINT**

**The Parties**

1. The plaintiffs, Joseph Zappia and Karen Zappia, are individuals with a principal address at 34 South Louis Street, Fords, NJ 08863. Plaintiffs are professional options traders.

2. The defendant, GTX Incorporated is a Delaware corporation with a principal place of business at 175 Toyota Plaza, 7th Floor, Memphis, Tennessee 38103. Defendant is engaged in the business of Biotechnology and Medical Research.

**Jurisdiction and Venue**

3. Jurisdiction in this cause of action is premised on Diversity of Citizenship, 28 U.S.C. 1332 in that the plaintiffs and the defendant are citizens of different states and the amount in controversy exclusive of interest and costs exceeds $75,000.00. Alternatively, jurisdiction is based on federal question jurisdiction, 28 U.S.C. § 1 331, defendant's violation of the federal securities laws.

4. Venue is proper in the District of Delaware.

**Facts**

5. Acting in his capacity as a professional options trader, on or about September 19, 2018 the plaintiffs sold 138 put options of GTX stock through their accounts at Interactive Brokers, Lightspeed Trading and

Vanguard. The proceeds of these option sales yielded $1,488.00 to Plaintiffs. These transactions were based on plaintiffs' experience and research and were further based on the presumption that these put options would expire worthless on their September 2018 expiration date which was September 21, 2018. At the time that plaintiffs sold the above described put options the price of GTX stock was $23 per share. Given normal stock market trading patterns, the fact that the options plaintiff sold were way out of the money, and based upon record of GTX's financial condition, Plaintiffs had every reason to expect that these put options would expire worthless two days later and that plaintiffs would be able to retain the proceeds of the option sales.

6. On September 18 2018 through September 21 2018 there were pending certain clinical trials being conducted by defendants. It was widely expected in the marketplace and as commonly done in the securities marketplace in connection with the announcement of the results of clinical trials by scientific companies that the results of these clinical trials would be announced after the September 2018 options expiration so that whatever the results of these trials those results would not have any effect on the soon expiring September GTX options.

7. However, in the case of GTX, and contrary to normal commercial and stock market practices the announcement of the failure of the pending GTX clinical trials was made the morning of the September options expiration.

8. The announcement of the failure of the GTX clinical trials caused GTX common stock to decline to $2.00 per share.

9. As a result of this decline the plaintiffs suffered an economic loss of $67,922.00 and 13,800.00 shares of GTX stock was put to the plaintiffs at a cost of $6.72 per share.

10. The payment for the aforementioned 13,800 share of GTX stock resulted in the loss of margin buying power for the plaintiffs in excess of $400,000.00 thereby lessening the transactional options business that plaintiffs has been able to do after the GTX shares were put to them.

11. The weekly economic loss to plaintiffs caused by this decrease in margin buying power is in excess of $1,100.00.

12. Based upon information and belief the plaintiffs state that the announcement of the clinical trials for GTX in this case was done deliberately and furtherance of an illegal insider trading scheme caused by and sanctioned by the upper management of GTX for the purpose of and with the intent of creating illegal profits for certain unknown persons which may or may not have included upper management of the Defendant at the expense of stock and options holders of GTX securities.

13. Plaintiffs direct economic loss from these transitions and the above described illegal insider trading was $67,000.00 in addition to the weekly losses directly caused by same.

## First Cause of Action

14. The defendant knew or should have known that plaintiffs had sold GTX put options on September 19, 2018 and that these options would expire worthless on September 21, 2018.

15. The defendant knew or should have known that the early disclosure of the failed clinical trial results would cause a severe decrease in the value of GTX stock.

16. The defendant knew or should have known that the early disclosure of the failed clinical trials would result in a significant economic loss to plaintiffs, a loss that was artificially created by the illegal acts of GTX management.

17. The illegal insider trading by GTX management constitutes a tortious interference by the defendant in the options contracts sold by plaintiffs.

18. The illegal insider trading by GTX management constitutes a tortious interference with plaintiffs' prospective economic advantage.

**Wherefore:** the plaintiffs, Joseph Zappia and Karen Zappia, hereby request that judgment enter against the defendant, GTX Incorporated, in the amount of $250,000.00 plus interest, costs and attorney's fees on count 1 of this complaint.

**Second Cause of Action**

19. The plaintiffs hereby reallege and restate the information contained in paragraphs 14 through 18 of the First Cause of Action.

20. The acts and practices of the defendant were false, manipulative and deceptive and engaged in for the purpose of and with the intent of creating profits for the defendant and certain third parties which may or not include upper management individuals employed by the defendant.

21. Had defendant not engaged in the afore said false, manipulative and deceptive practices plaintiffs would not have been injured as alleged herein.

22. Defendant's actions violate 10 (b) of the 1934 Act and Rule 10 (b) (5) promulgated thereunder which prohibits the use or employment in connection with the purchase or sale and any security, of any manipulative or deceptive device or contrivance in contravention of the rules of the United States Securities and Exchange Commission. Such conduct has operated as a fraud and deceit upon plaintiffs.

23. The actions of the defendant have caused the plaintiffs severe financial damage.

**Wherefore:** The Plaintiffs, Joseph Zappia and Karen Zappia, hereby demand judgment against the Defendant, GTX Incorporated, in the amount of $250,000.00 plus interest, costs and attorney's fees as allowed by law and that these damages be trebled as allowed by law.

> The Plaintiffs
> Joseph Zappia
> Karen Zappia
> By their attorney

Robert D. Loventhal, Esq.
BBO# 305940
15 Hammersmith Road Unit 13
Newport, Rhode Island 02840
RDLLAW99@aol.com

15 Hammersmith Rd
unit 13
Newport, RI 02840

19-1950

FILED
OCT 15 2019
US DISTRICT COURT
DISTRICT OF DELAWARE

office of the Clerk
United States District Court
844 North King St Unit 18
Wilmington, DE 19801

19801-351918